IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. PONISKE,

        Plaintiff,

vs.                              CIVIL NO.   00-535 LFG

JUST FOR FEET, INC.,

        Defendant.

## MEMORANDUM OPINION
## RECOMMENDING ENTRY OF DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff's Request for Entry of Default [Doc. 10]. On July 3, 2001, the Court issued a *sua sponte* order directing Defendant corporation, Just for Feet, Inc., to show cause, if any it had, why a default judgment should not be entered against it as a result of its failure to plead or answer the complaint.  The Court directed Just for Feet, Inc. to file a written response and supporting affidavit by August 3, 2001.

Just for Feet, Inc. failed to comply with the Court's directive and no response to the Court's order has been submitted.  The Court now determines whether sanctions, including entry of a default judgment, are appropriate.

The determination of an appropriate sanction is a fact-specific inquiry made by the Court. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992).  The Court recognizes that dismissal of a party's lawsuit for non-compliance with the Court's directive or entry of a default judgment is an extreme sanction and is appropriate only in the cases of willful misconduct.  Id.; Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988).  If a lesser sanction will deter an errant party from further misconduct, then a sanction other than default should be utilized.  Id.

In <u>Ehrenhaus v. Reynolds</u>, the court directed lower courts to consider a number of factors prior to choosing an ultimate sanction such as default. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that particular action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. It is with these factors in mind that the Court determines that the appropriate sanction to be entered herein is default.

**Prejudice to Plaintiff**

Here, subsequent to Plaintiff filing suit against Defendant and effecting service of process on April 19, 2000, Defendant's corporate counsel notified the Court that Just for Feet, Inc. filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. As the filing of the voluntary petition resulted in an automatic stay, the Plaintiff's lawsuit was statistically closed due to the bankruptcy action.

However, on September 7, 2000, Judge Joseph J. Farnam, the judge for the Bankruptcy Court for the District of Delaware, entered a consent order lifting the automatic stay so as to allow Plaintiff to prosecute his claim in this lawsuit, but only to the extent insurance proceeds were available to cover Plaintiff's claim. Subsequently, Plaintiff moved to reinstate this case on the Court's docket, and the Court granted that motion on January 10, 2001.

Since then, Defendant has failed to respond to the original lawsuit, and has taken no further steps to bring this matter to a conclusion. Defendant also failed to respond to the Court's directive that it show cause why a default judgment should not be entered.

A defendant's failure to respond to a lawsuit prejudices a plaintiff's right to a prompt and speedy resolution of a claim. A party may not simply ignore a lawsuit with the hope that it will go away. Here, Plaintiff properly effected service of process and is entitled to have the issues joined by Defendant answering the complaint, and, ultimately, to have a court consider the merits of a lawsuit.

The Court concludes that Just for Feet, Inc.'s failure to respond to the complaint and failure to respond to the Court's order causes Plaintiff to suffer delay, and therefore actual prejudice, as a result of Defendant's non-compliance.

### Interference With the Judicial Process

Defendant's failure to respond to a properly served lawsuit and failure to respond to the Court's inquiry concerning the status of this matter or to show cause why a default judgment should not be entered has interfered with the Court's ability to effectively and efficiently process this case.

Since the adoption of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, federal courts are under a congressionally mandated obligation to expedite the ultimate disposition of litigation and to reduce the costs of lawsuits in the nation's federal courts. Here, Defendant's recalcitrance interferes with the Court's ability to promptly and fairly resolve this lawsuit. Thus, the Court concludes that Defendant's failure to answer the complaint and failure to respond to the Court's Order to Show Cause has interfered with the judicial process.

### Culpability of the Litigant

If a failure to comply with a court directive is the fault of a litigant's attorney, then the attorney is the proper party to suffer the sanction. In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987). Here, Defendant's corporate counsel notified the Court of the bankruptcy filing. However, no other entry

3

of appearance or formal pleading has been recorded. Thus, the failures to comply with the rules of civil procedure, the rules of pleading and practice, and the Court's inquiry should squarely fall on the corporation.

### Prior Warnings

In the Court's Order to Show Cause, Just for Feet, Inc. was specifically directed to show cause why a default judgment should not be entered as a result of its failure to plead or answer the complaint. No more clear warning could have been given. Notwithstanding that warning, Just for Feet, Inc. ignored the Court's directive, just as it ignored its obligations as a litigant with a properly served complaint. Moreover, Just for Feet, Inc. was given an opportunity to explain why sanctions should not be imposed. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465-66 (10th Cir. 1988). For whatever reason, Just for Feet, Inc. chose not to respond. The Court concludes that Just for Feet, Inc. has been appropriately warned by the Court of the consequences of its violation.

### Efficacy of Lesser Sanctions

Notwithstanding the Court's warning that sanctions, including a default judgment, could be entered, Just for Feet, Inc. ignored the Court's directive. Given Just for Feet, Inc.'s repeated failures to comply with rules of pleading and procedure, and its refusal to comply with the Court's directive, the Court has no optimism that it would comply with future directives if a lesser sanction were imposed and an further opportunity to plead and litigate were given.

### Conclusion and Recommendation

After consideration of the Ehrenhaus factors, the Court determines that the appropriate sanction is a default judgment. Accordingly, this matter is referred to the District Court with a recommendation that Plaintiff be granted a default judgment, and that damages be fixed following an

evidentiary hearing or following the submission of a motion with supporting affidavits and evidence documenting Plaintiff's damages.[1]

                                                                                            _/s/ Lorenzo F. Garcia_
                                                                                             Lorenzo F. Garcia
                                                                                            United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.